IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2016 JUL 15 PM 4: 17
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | |
|---|---|
| DAVID G. KADEN, § | |
| Plaintiff, § | |
| § | |
| v. § | EP-15-CV-146-DB |
| § | |
| CHAMISA ARTS, INC. d/b/a § | |
| TRAILWISE SADDLES and § | |
| TRAILWISE TACK, INC., § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Chamisa Arts, Inc.'s ("Defendant") "Motion to Dismiss Pursuant to FRCP 12b and Memorandum in Support" ("Motion"), filed April 15, 2016, in the above-captioned case. Therein, Defendant asks the Court to dismiss this case for lack of personal jurisdiction, improper venue, and insufficient process and service of process. Further, Defendant asks the Court to relieve the parties of its Order ("March 9 Order"), issued March 9, 2016, entering partial summary judgment in favor of Plaintiff David G. Kaden ("Plaintiff"). On May 5, 2016, Plaintiff filed his "Response to Defendant's Motion to Dismiss Pursuant to FRCP 12b" ("Response"). Defendant filed its Reply on May 11, 2016, and Plaintiff, with leave of the Court, filed his Surreply on May 13, 2016. Having duly considered the Motion, the Court will, for the reasons that follow, relieve the parties of its March 9 Order and dismiss this case for insufficient service of process.

### BACKGROUND

This is a patent-infringement case. Plaintiff claims that Defendant advertises and sells saddles with adjustable saddle liners and inserts, which infringe on Plaintiff's "Saddle Fitting System and Method" patent, U.S. Patent Number 7,401,454 ("Plaintiff's patent" or "the

patent"). Plaintiff further claims that "Defendant had actual notice of [Plaintiff's p]atent as early as late July 2013 when Plaintiff sent Defendant a cease and desist letter." Amended Compl. ¶ 11.

The procedural history in this case is complex. On May 14, 2015, Plaintiff, proceeding pro se, filed his Complaint against one defendant: Michelle Smith ("Ms. Smith"). Thereafter, he served Ms. Smith with a summons and the Complaint. The summons was directed to Ms. Smith and named her as the defendant. Ms. Smith and her husband own Defendant, a closely held corporation. Def. Mot. Dismiss Ex. 1, at ¶ 4.

On June 23, 2015, Plaintiff filed, through Attorney Gregory Perrone, a "Notice of Voluntary Dismissal Without Prejudice." The Court entered final judgment in this case the next day. On June 25, 2015, Plaintiff filed, through a new attorney—Michael J. Smith—his "Motion to Reopen Case Pursuant to Fed. R. Civ. P. 60(B) and Motion to File an Amended Complaint under Fed. R. Civ. P. 15(A)" ("Motion to Reopen Case and File Amended Complaint"). Therein, Plaintiff claimed that Attorney Gregory Perrone was not his attorney and had filed the Notice of Voluntary Dismissal Without Prejudice without his authorization. Plaintiff served Defendant's registered agent, Ms. Smith, with the Motion to Reopen Case and File Amended Complaint, to which he attached a copy of the proposed filing.

On June 29, the Court granted Plaintiff's Motion to Reopen Case and File Amended Complaint. The Amended Complaint named Defendant, not Ms. Smith, as the only defendant in this case. Thereafter, Plaintiff did not serve Defendant with the Amended Complaint. Further, he did not request that the Clerk of Court issue a summons, and consequently he did not serve Defendant with a summons. Plaintiff did not initially file any proof of service with the Court.

On September 25, 2015, Ms. Smith[1] e-mailed Plaintiff's attorney to inquire about the status of the case. Pl.'s Resp. Ex. C; Def.'s Mot. Dismiss Ex. E. In her e-mail, she stated, "If indeed the suit is still viable, then I need to receive certified notification and information that this is so." Pl.'s Resp. Ex. C; Def.'s Mot. Dismiss Ex. E. Plaintiff claims that his attorney replied to her e-mail, stating, "A motion to reopen the case and file an amended complaint was filed on June 25, 2015 and copies were sent to you via certified mail. . . . On June 29, 2015 the Court granted that motion, thus the amended complaint is the 'live' pleading." Pl.'s Resp. Ex. C. Defendant disputes the authenticity of Plaintiff's Exhibit C and claims that Michelle Smith did not receive a response to her e-mail. Neither Plaintiff nor Defendant claims that Plaintiff served Defendant with the Amended Complaint or a summons after receiving Ms. Smith's e-mail that she had not received "certified notification" of the lawsuit.

On November 2, 2015, the Court entered an Order ("Show Cause Order") notifying Plaintiff that he had not sufficiently served Defendant and ordering Plaintiff to show cause why the Court should not dismiss the case. On November 23, 2015, Plaintiff filed a Return Receipt showing that on July 7, 2015, Defendant's registered agent, Ms. Smith, had accepted service via Certified Mail of Plaintiff's Motion to Reopen Case and File Amended Complaint, with the Amended Complaint attached as an exhibit. Plaintiff did not submit any proof that he had served Defendant with the Amended Complaint once the Court granted the Motion to Reopen Case and File Amended Complaint, nor did he submit any proof that he had served Defendant with a summons.

On February 11, 2016, Plaintiff filed his "Motion for Partial Summary Judgment of Patent Infringement under Fed. R. Civ. P. 56" ("Motion for Partial Summary Judgment"). Therein, Plaintiff asked the Court to enter summary judgment in his favor on his claim that

---

[1] At the time, Defendant was not yet represented by counsel.

3

Defendant's "Trailwise Adjustable Saddle Liners" and "JenXtreme Adjustable Liners" infringe on claims one through three and five through twenty of Plaintiff's patent. Defendant failed to file a response within fourteen days, as required by Local Rule CV-7(e)(2). As a result, in its March 9 Order, the Court granted Plaintiff's Motion for Partial Summary Judgment as unopposed.

Defendant first appeared in this case on April 15, 2016, when it filed its Motion asking the Court to vacate the March 9 Order and to dismiss this case for lack of personal jurisdiction, improper venue, and insufficient process and service of process. The Motion is fully briefed.

## STANDARD

### 1. Relief from a Void Judgment

Under Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)"), a Court must relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992)[2] (internal quotation marks omitted). "When, however, the motion is based on a void judgment under [R]ule 60(b)(4), the district court has no discretion—the judgment is either void or it is not." *Id.* (internal quotation marks omitted). A judgment is void if the court that entered the judgment lacked jurisdiction due to insufficient service. *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014). In other words, if a plaintiff fails to sufficiently serve a defendant, the judgment is void,

---

[2] Although the word "Caribbean" is correctly spelled C-A-R-I-B-B-E-A-N, this case appears in the Federal Reporter with the spelling C-A-R-R-I-B-E-A-N.

and the court must set it aside. *Carimi*, 959 F.2d at 1345. "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Id.* at 1346.

Federal Rule of Civil Procedure 4 ("Rule 4") requires a plaintiff to serve each defendant with a summons and a copy of the complaint. Fed. R. Civ. P. 4. The summons must, among other things, "name the court and the parties," "be directed to the defendant," "be signed by the clerk," and "bear the court's seal." Fed. R. Civ. P. 4(a)(1). To serve a corporation within the United States, a plaintiff may follow the procedure to serve an individual or:

> deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

Under Federal Rule of Civil Procedure 5 ("Rule 5"), if a plaintiff files an amended complaint, she must serve it on every party. *See* Fed. R. Civ. P. 5(a)(1)(B) ("[E]ach of the following papers must be served on every party: . . . a pleading filed after the original complaint."). However, "[f]or any defendants who [the p]laintiff has not yet properly served, [she] must serve them with the summons, complaint, and amended complaint." *McNealy v. Becnel*, No. CIV.A. 14-2181, 2015 WL 3466010, at *3 (E.D. La. May 29, 2015) (citing Fed. R. Civ. P. 4(c)(1)); *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (upholding the district court's dismissal for failure to prosecute where the plaintiff, proceeding *in forma pauperis*, did not request that the U.S. Marshals serve a defendant with a summons and the amended complaint); *Hall v. Robinson*, 618 F. App'x 759, 762 (5th Cir. 2015) (upholding the district court's dismissal where the plaintiff did not serve a summons and the amended complaint on a newly named defendant). As a result, if an amended complaint names a new defendant, the plaintiff must serve that defendant with the summons and amended complaint in compliance with Rule 4.

5

The Rule 4 requirement to serve a defendant with the summons and complaint applies when an amended complaint names a new defendant even if, due to the method-of-service requirements, the same person receives the summons and complaint for each defendant. In *Hall v. Robinson*, 618 F. App'x 759, 762 (5th Cir. 2015), the plaintiff filed suit against a supervision officer at a detention facility in his official capacity and served that defendant with the summons and complaint. Later, the plaintiff filed an amended complaint naming the supervision officer in his individual capacity but did not serve him with a summons and amended complaint. *Id.* Although the same person who received the summons and complaint and would have received the new summons and amended complaint, the Fifth Circuit held, in an unpublished, per curiam opinion, that the claims against the supervision officer in his individual capacity were subject to dismissal without prejudice. *Id.* Notably, the Fifth Circuit found that dismissal was warranted under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") for failure to serve the defendant with the summons and complaint as required by Rule 4, rather than another remedy for failure to serve each party with a pleading filed after the complaint as required by Rule 5. *Id.*

2. **Dismissal for Insufficient Process and Service of Process**

A defendant may challenge a claim for insufficient process or service of process under Federal Rules of Civil Procedure 12(b)(4) ("Rule 12(b)(4)") and 12(b)(5) ("Rule 12(b)(5)"), respectively. An insufficient-process defense under Rule 12(b)(4) challenges "'the form of the process rather than the manner or method of its service.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 n.3 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d. ed. 2004)). An insufficient service of process defense "challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin*, 289 F. App'x at 692 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice*

6

*and Procedure* § 1353 (3d. ed. 2004)). Complaints properly alleging insufficient process under Rule 12(b)(4) are rare. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d. ed. 2004 & Supp. 2016); *Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011). However, in cases where a defendant was misnamed in the summons, courts have considered challenges under both Rules 12(b)(4) and 12(b)(5). *E.g.*, *Gartin*, 289 F. App'x at 692 n.3 ("[W]here the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party[—]a party not named in the summons[—]has been served."). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

Rule 4(m) gives a plaintiff 120 days after filing the complaint to make service.[3] Fed. R. Civ. P. 4(m). If service is not made within this timeframe, a court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Whether any particular circumstances amount to "good cause" necessarily depends on the unique facts in the case at issue. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). However, to establish good cause, "the plaintiff must demonstrate at least as much as would be required to show

---

[3] Rule 4(m) was amended, effective December 1, 2015, to require service within ninety days. Fed. R. Civ. P. 4(m). However, because Plaintiff filed the Amended Complaint before the amendment took effect, the Court applies the 120-day period for service that was in effect at the time Plaintiff filed the Amended Complaint. In any case, the Court would reach the same conclusions if it applied the ninety-day period for service in the amended rule.

7

excusable neglect." *Id.* "Inadvertence," "mistake," or "ignorance of the rules" usually do not show excusable neglect. *Id.*

Even if the plaintiff does not show good cause, "the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). The Fifth Circuit has approved of discretionary extensions "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* It has also required an extension where the plaintiff proceeded *in forma pauperis* and the court failed to direct the U.S. Marshals to effect service for the plaintiff. *Lindsey*, 101 F.3d at 446.

## ANALYSIS

### 1. Relief from a Void Judgment

Defendant argues that Plaintiff did not sufficiently serve it with a complaint and summons and that, therefore, the Court should set aside its March 9 Order entering partial summary judgment in favor of Plaintiff. Def.'s Mot. Dismiss 10–11. Plaintiff does not dispute that it never served Defendant with a summons and attached complaint in compliance with Rule 4. *See generally* Pl.'s Resp. Rather, Plaintiff argues that service was sufficient because he sent the Amended Complaint—before it was accepted by the Court—to Defendant, who knew about the lawsuit. *Id.* at 5–6. These facts do not constitute sufficient service.

For service to be sufficient, a plaintiff must serve the defendant with both the summons and the complaint. Fed. R. Civ. P. 4. Further, the summons must, among other things, "name the court and the parties," "be directed to the defendant," "be signed by the clerk," and "bear the court's seal." Fed. R. Civ. P. 4(a)(1). Rule 5 outlines less stringent requirements for serving a pleading after the complaint, including an amended complaint. Fed. R. Civ. P. 5.

However, when a plaintiff names a new defendant in an amended complaint she must nevertheless serve the new defendant with a summons and the amended complaint in compliance with Rule 4. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (upholding the district court's dismissal for failure to prosecute where the plaintiff, proceeding *in forma pauperis*, did not request that the U.S. Marshals serve a defendant with a summons and the amended complaint); *Hall v. Robinson*, 618 F. App'x 759, 762 (5th Cir. 2015) (upholding the district court's dismissal where the plaintiff did not serve a summons and the amended complaint on a newly named defendant).

Here, Plaintiff has not sufficiently served Defendant. On May 14, 2015, Plaintiff, proceeding pro se, filed his Complaint against Ms. Smith. Thereafter, he served Ms. Smith with the Complaint and summons as required by Rule 4. The summons was directed to Ms. Smith and named her as the defendant. Such service was sufficient for Ms. Smith but not for Defendant, who was not named in the lawsuit at that time. Later, Plaintiff acquired counsel through whom he filed his Amended Complaint naming Defendant, not Ms. Smith, as the only defendant in this case. Plaintiff served Defendant's registered agent, Ms. Smith, with a motion seeking leave to file the Amended Complaint, to which he attached a copy of the proposed filing. Once the Court granted his motion on June 29, 2015, Plaintiff did not serve Defendant with the Amended Complaint. Further, he did not request that the Clerk of Court issue a summons, and consequently he did not serve Defendant with a summons. Thus, Plaintiff did not sufficiently serve Defendant.

It is not enough that Plaintiff previously served Ms. Smith with the summons and Complaint against her. Although Ms. Smith is Defendant's owner and registered agent, Def.'s Mot. Dismiss Ex. 1 at ¶ 4, she is a legally distinct entity from Defendant. *See Krivo Indus. Supply Co. v. Nat'l Distillers & Chem. Corp.*, 483 F.2d 1098, 1102 (5th Cir. 1973) ("Basic to the theory of corporation law is the concept that a corporation is a separate entity, a legal being having an

9

existence separate and distinct from that of its owners."); *see also Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) ("The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status."). Thus, Plaintiff's Amended Complaint named a new party when it substituted Defendant for Ms. Smith. Thereafter, Plaintiff did not serve Defendant, the new party, as required by Rule 4. It does not matter that Ms. Smith, as Defendant's registered agent, would have received service of the summons and Amended Complaint on behalf of Defendant, because Plaintiff failed to serve her with those documents. *See Hall*, 618 F. App'x at 762 (holding that the plaintiff's service of a summons and the original complaint on a former defendant, named in his official capacity, was not sufficient under Rule 4 to effect service on that same person named in an amended complaint in his individual capacity).

Under Rule 60(b)(4), a court must relieve the parties of a judgment that is void. Fed. R. Civ. P. 60(b)(4); *see also Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) ("When, however, the motion is based on a void judgment under [R]ule 60(b)(4), the district court has no discretion—the judgment is either void or it is not."). A judgment is void if the court that entered the judgment lacked jurisdiction due to insufficient service. *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014). The Court finds, for the reasons explained above, that Plaintiff failed to sufficiently serve Defendant. Therefore, the Court's March 9 Order is void, and the Court will set it aside.

2. **Dismissal for Insufficient Process and Service of Process**

Defendant argues that the Court, under Rules 12(b)(4) and 12(b)(5),[4] should dismiss all of Plaintiff's claims because he did not serve Defendant with the summons and

---

[4] Because Defendant argues that Plaintiff never served it with a summons and complaint against it, Defendant's Motion is more properly brought under Rule 12(b)(5) for lack of service of process. *See Gartin v. Par Pharm. Cos.*,

10

complaint within 120 days as required by Rule 4. Def.'s Mot. Dismiss 10. Plaintiff does not dispute that he failed to comply with Rule 4 in this respect. Rather, Plaintiff asks the Court to either accept its insufficient service or grant him more time to properly serve Defendant. *Id.* at 6.

Rule 4(m) gives a plaintiff 120 days after filing the complaint to make service. Fed. R. Civ. P. 4(m). If service is not made within this timeframe, a court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, Plaintiff's 120-day period to make service ended October 27, 2015. For the reasons explained above, the Court finds that Plaintiff has not sufficiently served Defendant. The Court also finds that Plaintiff has not shown good cause for his failure. In fact, Plaintiff has not offered any reason for failing to serve Defendant within the timeframe.

When a plaintiff does not show good cause, a court nevertheless "has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). Here, however, the Court declines to exercise that discretion because none of the circumstances that commonly justify an extension apply, and additional circumstances favor dismissal.

First, circumstances in which courts commonly extend the deadline for service do not apply here. For example, the statute of limitations for bringing a patent claim will not bar

---

*Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) ("Generally speaking, an objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." (internal quotation marks and brackets omitted)); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d. ed. Supp. 2010) (explaining that complaints properly alleging insufficient process under Rule 12(b)(4) are rare). However, because Plaintiff did serve Defendant's registered agent, Ms. Smith, with a summons and complaint against someone other than Defendant, the Court may alternatively consider the motion under Rule 12(b)(4). *See Gartin*, 289 F. App'x at 692 ("[W]here the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party[—]a party not named in the summons[—]has been served.").

Plaintiff from refiling this suit. The Fifth Circuit has limited a district court's discretion to dismiss a case under Rule 4(m) "where the applicable statute of limitations likely bars future litigation." *Millan*, 546 F.3d at 326. Under such circumstances, a court may only dismiss the case if "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.*

Here, the Court need not apply the heightened requirements applicable to a dismissal with prejudice because the statute of limitations will not bar Plaintiff from refiling his claims in the future. Plaintiff does not claim that Defendant has infringed on Plaintiff's patent for more than six years.[5] Rather, Plaintiff claims only that Defendant had notice of the patent "as early as late July 2013." Amended Compl. ¶ 11. "[T]he only statute of limitations involving patent infringement suits merely limits the period of recovery of damages to six years. It does not expressly limit the patentee's right to maintain an action." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1325 (5th Cir. 1980) (citing 35 U.S.C. § 286). Therefore, not only does the statute of limitations not bar refiling of this suit, it does not even limit Plaintiff's recovery of damages because Plaintiff does not claim that Defendant began infringing on the patent more than six years ago. Consequently, the application of the statute of limitations does not restrict the Court's discretion to dismiss the case.

Further, Defendant has not contributed to the insufficiency of service. "A discretionary extension may be warranted . . . if the defendant is evading service or conceals a defect in attempted service." *Millan*, 546 F.3d at 325 (internal quotation marks omitted). Here,

---

[5] Plaintiff's Amended Complaint does not state when the alleged infringement began. However, Plaintiff attached to his Response, as Exhibit A, a winter 2011 edition of the Texas Endurance Riders Association newsletter, which includes an advertisement by Defendant for a "Saddle with Adjustable Fit." Pl.'s Resp. Ex. A, at 11. Plaintiff refers to the advertisement only as an example of Defendant's contacts with Texas to establish personal jurisdiction. Pl.'s Resp. 3. But assuming, arguendo, that Plaintiff intended to claim that Defendant infringed on the patent beginning in winter 2011, the statute of limitations still would not affect his recovery.

12

Defendant has done the opposite of evade service: on September 25, 2015, Ms. Smith e-mailed Plaintiff's attorney to inquire about the status of the case. Pl.'s Resp. Ex. C; Def.'s Mot. Dismiss Ex. E. In her e-mail, she stated, "If indeed the suit is still viable, then I need to receive certified notification and information that this is so." Pl.'s Resp. Ex. C; Def.'s Mot. Dismiss Ex. E. Although Ms. Smith did not use the exact legal terms or point out the specific ways in which service was insufficient, she—an agent of Defendant—informed Plaintiff that service was lacking.

Moreover, the Court did not have an obligation to effect service on Plaintiff's behalf. Plaintiff did not proceed *in forma pauperis* and was not entitled to service by the U.S. Marshals. Further, Plaintiff failed to serve Defendant even after he learned that service was insufficient. Thus, even if the more lenient standard for a plaintiff proceeding *in forma pauperis* applied here, because of Plaintiff's inaction, the Court would not excuse his insufficient service. *See Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987) (holding that a plaintiff proceeding *in forma pauperis* was not entitled to a service-deadline extension, which was normally afforded to such plaintiffs, because he knew that the defendant had not been served and failed to request that the U.S. Marshals effect service).

Second, additional circumstances in this case favor dismissal. More than one year has elapsed since the Plaintiff filed his Amended Complaint, and Plaintiff has failed to effect service even after receiving notice from the Court that its service was insufficient. On November 2, 2015, the Court entered an Order ("Show Cause Order") notifying Plaintiff that he had not sufficiently served Defendant and ordering Plaintiff to show cause why the Court should not dismiss the case. On November 23, 2015, Plaintiff filed a Return Receipt showing that on July 7, 2015, Defendant's registered agent, Ms. Smith, had accepted service via Certified Mail of Plaintiff's Motion to Reopen Case and File Amended Complaint, with the Amended Complaint

attached as an exhibit. The service of that motion and exhibit did not fulfill the Rule 4 service requirements. Plaintiff did not submit any proof that he had served Defendant with the Amended Complaint once the Court granted the Motion to Reopen Case and File Amended Complaint. Further, Plaintiff did not submit any proof that he had served Defendant with a summons. Two hundred and fifty-six days have elapsed since the Court issued its Show Cause Order, and even more time has elapsed since Ms. Smith notified Plaintiff's attorney that she had not received proper "notification" of the suit. Pl.'s Resp. Ex. C; Def.'s Mot. Dismiss Ex. E. This delay alone has more than twice exceeded Rule 4(m)'s 120-day limit. Thus, the Court acts within its discretion in dismissing the case. *See Newby v. Enron Corp.*, 284 F. App'x 146, 150–51 (5th Cir. 2008) (finding that the district court acted within its discretion when it dismissed a case—even where the applicable statute of limitations barred refiling—because the plaintiff failed to serve the defendant after 1,000 days, including 126 days after receiving notice of defects from the defendants).

  Plaintiff further argues that the Court should apply the standard articulated in Federal Rule of Civil Procedure 15(c)(1)(C) ("Rule 15(c)(1)(C)") to find that service was sufficient because Defendant "'(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" Pl.'s Resp. 6 (quoting Fed. R. Civ. P. 15(c)(1)(C)). However, Rule 15(c)(1)(C) does not apply here. Rather, Rule 15(c)(1)(C)—which establishes when an amended pleading can "relate back" to the date of the original pleading—applies when the statute of limitations would otherwise bar a claim brought in the amended pleading. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Even when an amended complaint relates back to the original complaint under Rule 15(c)(1)(C), the

party filing the amended pleading must still serve any new defendant in compliance with Rule 4(m). *Tapp v. Shaw Envtl., Inc.*, 401 F. App'x 930, 933 (5th Cir. 2010).

Here, Defendant does not argue that Plaintiff's claims in the Amended Complaint are time-barred. Thus, Rule 15(c)(1)(C) is irrelevant. If Rule 15(c)(1)(C) applied, it would mean only that the Court would consider timely all claims in Plaintiff's Amended Complaint; it would not relieve Plaintiff of the requirement to timely serve Defendant under Rule 4(m). Likewise, Plaintiff's reliance on the Supreme Court's decision in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), is misplaced. In *Krupski*, the Supreme Court decided the narrow question of whether the plaintiff's amended complaint related back to its original complaint for the purposes of the statute of limitations. *Id.* at 554. It did not consider whether the defendant had been timely served in accordance with Rule 4(m). Therefore, the Court finds no support for Plaintiff's argument that Rule 15(c)(1)(C) relaxes the service requirements outlined in Rule 4(m). Because Plaintiff did not—for all of the above reasons—comply with Rule 4(m)'s service requirements, the Court will dismiss this case for insufficient service of process.

Because the Court will dismiss the case for insufficient service of process, it will not examine whether it should dismiss the case for lack of personal jurisdiction or improper venue.

## CONCLUSION

Plaintiff has failed to serve Defendant since filing his Amended Complaint, which named Defendant as a party for the first time, more than a year ago. Plaintiff failed to comply with Rule 4's requirement to serve Defendant with a summons or complaint, even though Plaintiff previously served Defendant's registered agent, Ms. Smith, with the original summons and Complaint, because neither of those documents named Defendant as a party. Because

Plaintiff had not served Defendant when the Court entered its March 9 Order, that order is void. Thus, the Court will relieve the parties, under Rule 60(b)(4), of the March 9 Order.

Further, the Court will dismiss this case for failure to serve under Rule 4(m). Plaintiff has not shown good cause for his failure to serve Defendant within 120 days of filing the Amended Complaint. Although the Court has discretion to extend the time for service, such an extension is not appropriate in this case. None of the factors that commonly cause a court to extend the time for service apply here. Moreover, Plaintiff's delay, after notice from both Defendant and the Court of the deficiency of service, is excessive. Therefore, the Court will dismiss this case without prejudice for insufficient service of process under Rule 4(m).

Accordingly, **IT IS HEREBY ORDERED** that the parties are **RELIEVED** of the Court's Order issued March 9, 2016, entering summary judgment in favor of Plaintiff David G. Kaden on his claim that Defendant Chamisa Arts, Inc.'s "Trailwise Adjustable Saddle Liners" and "JenXtreme Adjustable Liners" infringe on claims one through three and five through twenty of U.S. Patent Number 7,401,454, entitled "Saddle Fitting System and Method."

**IT IS FINALLY ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE** for insufficient service of process.

**SIGNED** this **15th** day of **July 2016.**

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE